ROUNTREE et v
AMERICAN LOAN & REALTY CO

Ohio Appeals, 2nd Dist, Greene Co

No 408. Decided July 1, 1935

Marshall & Marshall, Xenia, for plaintiffs.

Sidney G. Kusworm, Dayton, and George Smith, Xenia, for defendant.

## OPINION

By BODEY, J.

It will be observed from the petition that the plaintiffs claim the defendant holds the real estate described in the petition in trust for them because certain fraud was practiced by defendant upon them. In the first instance, they claim that they advanced the sum of $500.00 toward the original purchase of the property. If this position may be maintained the plaintiffs must establish that the money was advanced under such circumstances as to create a resulting trust in their favor As to their claim concerning the balance of the property, if a trust is to be established it must be an express trust in order for them to recover. The only testimony in this record concerning the original transaction of purchase is that of the plaintiff, Charles T. Rountree. M. Cramer, who negotiated the transaction for the defendant, is deceased and no other person connected with the organization of the defendant knew of the facts. The testimony of plaintiff, Charles T. Rountree, was to the effect that he and his brother wanted to buy this tract of land described in the petition from J. W. Mullen, et al; that Mr. Mullen agreed to sell for the sum of $5500.00; that plaintiffs could not raise that amount of money; that they thereupon took the matter up with M. Cramer and that an agreement was entered into whereby the defendant would purchase said property from J. W. Mullen, et al, and that the defendant would charge plaintiffs the sum of $1500.00 for its commission in the transaction; that the plaintiffs did put up the sum of $500.00 and that the purchase was made; that the plaintiffs had the contract placed in the name of their father and mother; that they did not learn that the purchase price was less than $6000.00 until after the forcible entry and detainer action was instituted in the Municipal Court; that the real consideration paid by the defendant for said purchase was $5250.00, although it was represented to plaintiff by defendant as $6000.00.

Are these facts sufficient to establish either a resulting trust for the amount of the $500.00 paid on the purchase price by

the plaintiffs or are they sufficient to establish an express trust in the remaining part of said real estate for the balance of said purchase price?

We are of opinion that the advance of $500.00 on the purchase price by the plaintiffs was not made for the purpose of procuring for the plaintiffs any definite aliquot part of said real estate as referred to in the case of **Reynolds v Morris et, 17 Oh St 510,** and that no resulting trust was created. The facts in the instant case do not indicate that the plaintiffs expected to have set off to them the proportionate part of the real estate purchased, which their contribution of $500.00 would bear toward the total purchase price paid. They expected, according to their claim, to have the whole of said real estate. The testimony of the plaintiff, Charles T. Rountree, does not bring him within the principles of the case of Reynolds v Morris, supra, insofar as the advance of the $500.00 is concerned. Note the language of the court in this case:

"And, indeed, the principle is indisputable, that where an agent has funds of his principal and invests them in land, the presumption is that the purchase was for the benefit of the principal; and equity will, in general, regard the agent as holding the legal title in trust for the principal. But it is also well established that **this doctrine does not apply unless the party seeking to establish and enforce the trust has furnished either the whole or some aliquot and definitely ascertainable part of the purchase money of the land."**

The testimony of the plaintiffs is entirely to the effect that they expected to have the title to the whole of the real estate rather than a portion thereof. Is the transaction such as to establish an express trust? We do not believe so. In the case of **Boughman et v Boughman, 69 Oh St, 273,** the Supreme Court holds that parol evidence may be employed to engraft an express trust in lands upon a deed absolute but that the showing should be clear and convincing. The court further holds that the terms of an express trust and the beneficiaries designated therein must be declared contemporaneous with the execution of the deed. The record in the case at bar is silent concerning any statements or declarations of the defendant. It is likewise silent concerning any statements or declarations of the father and mother of plaintiff, they being the parties who were named in the original contract. The only testimony, as hereinbefore stated, is from the plaintiff,

Charles T. Rountree, and in this court's view, bearing in mind the lapse of time and the death of the principals, it is far from clear and convincing.

We likewise doubt very much the ability of these plaintiffs to come into court and maintain an action such as is set forth in this petition upon a contract which was entered into by their father and mother, even conceding that they testify that the contract was simply made in the name of their father and mother.

As has already been stated, we hold that the evidence of the plaintiff is insufficient to establish any trust relationship between the defendant and these plaintiffs. This being the basis of the claim of plaintiffs as set out in their petition, we probably need go no further. However, we believe that we might call counsel's attention to two or three other matters disclosed by the record.

In the first place, we do not believe that an action such as is attempted to be set out in this petition lies. It is our view that if the plaintiffs have been damaged by fraud practiced upon them by the defendant, they may have an action of damages at law, or if they are sued upon the contract for the agreed price they may recoup their damages. It is possible that they might on their side rescind the sale and file an action to recover the consideration already paid. We know of no principle of law which would permit the purchaser of property under contract to establish a trust in the seller for the benefit of the purchaser on account of the fraud of the seller in the misrepresentation of the value or original cost price of the property.

We seriously question the right of the plaintiffs to bring this action in equity because of the lapse of time. True, the statute of limitation provides that an action for fraud may be instituted within four years after the fraud has been discovered. In this case the principals, who might have testified concerning this transaction, are deceased. However, the person from whom the land was originally purchased, Mr. Mullen, resided in the City of Xenia for almost a year after the purchase. At any time during the ten year period the plaintiffs could have inquired of Mr. Mullen concerning the amount of the purchase price paid to him and they might have received the answer which was given in his deposition filed in this case. We do not believe that the plaintiffs have been diligent. We are inclined to the view that the case of **Russell v Fourth National Bank, 102 Oh St, 248,** contains some statements which

would tend to bar the rights of the plaintiffs to maintain this action.

This case might have been decided upon the release and abandonment of the contract of May 1, 1930, which we find was executed by the plaintiffs. However, in our opinion the defendant waived its right to rely upon that release and abandonment by receiving other payments under the contract for almost a year thereafter. 27 Ruling Case Law, 640.

Plaintiffs allege in their petition that they have paid the taxes and insurance upon these premises and have made valuable improvements thereon and have paid a considerable portion of the principal. In its answer to the petition the defendant sets up the forfeiture clause contained in the contracts. The evidence shows that the purchase price of the contract of May 1, 1930, in the sum of $10,500.00, has been reduced to $6863.48. However, this includes the sum of $3000.00 for the sale price of one of the tracts. If the sale price of this tract be taken off of the original contract, it will be seen that the plaintiffs have paid upon the sum of $7500.00 the difference between that amount and $6863.48. In other words, plaintiffs have paid less than $700.00 on their contract. The rule is stated in the case of **Jones v Stevens, 112 Oh St, 43.** It is there held that if the agreement be clear in its terms the amount so fixed should be treated as liquidated damages and not as a penalty, (1) if the damages would be uncertain as to amount and difficult of proof, (2) if the contract as a whole is not so manifestly unconscionable, unreasonable, and disproportionate in amount as to justify the conclusion that it does not express the true intention of the parties, and (3) if it is consistent with the conclusion that it was the intention of the parties that damages in the amount stated should follow the breach.

In the present case the contract of August 30, 1923 and the contract of May 1, 1930 is each clear and unambiguous in its terms. We are not prepared to hold that the amount of $700.00 which appears to have been paid by the defendants upon this contract is unconscionable, or unreasonable, or that it is disproportionate to the amount of the total contract price. Neither are we prepared to hold that it was not the intent of the parties to either of these contracts to permit the paid installments to remain with the defendant as liquidated damages in case of default. It occurs to us that this case comes squarely within the purview of the case of Jones v Stevens.

Upon our view of the issues raised by the pleadings and the evidence, we are of the opinion and hold that the decree should be in favor of the defendants and against the plaintiffs; that the temporary restraining order should be dissolved and that the plaintiffs should pay the costs.

BARNES, PJ, and HORNBECK, J, concur.